```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCUS R. PROFIC                 :      CIVIL ACTION
                                 :
     v.                          :
                                 :
BRIAN THOMPSON, et al.           :      NO. 11-928
```

ORDER

AND NOW, this 2nd day of November, 2011, upon careful and independent consideration of petitioner Marcus R. Profic's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), defendant District Attorney of Berks County's response thereto (docket entry # 5), the Honorable Linda K. Caracappa's report and recommendation (docket entry # 8), and Profic's objections to Judge Caracappa's report and recommendation (docket entry # 11), and the Court finding that:

(a)  As Judge Caracappa recounts, Profic's conviction in state court became final on June 13, 2006, Report & Recommendation ("R&R") at 2; he filed a first petition for relief under the Post-Conviction Relief Act ("PCRA") on February 15, 2007, the denial of which became final on September 7, 2009,[1] id. at 2, 4; he filed a second, untimely PCRA petition on September 20, 2010, which the PCRA court dismissed as untimely on February

---

1. Profic filed an untimely petition for allowance of appeal with the Pennsylvania Supreme Court on September 18, 2009, which that court denied on February 16, 2010.  R&R at 2.

3, 2011, <u>id.</u> at 2; and he submitted this <u>habeas corpus</u> petition on January 31, 2011, <u>id.</u> at 4;

  (b) Judge Caracappa explains that under 28 U.S.C. § 2244(d)(1) (setting out the period of limitations for <u>habeas</u> petitions by prisoners in state custody) and § 2244(d)(2) (providing for tolling during state post-conviction review), Profic had "until January 2, 2010, in which to file a timely habeas petition.  The instant habeas petition was not filed until January 31, 2011, approximately one year and one month after the deadline for filing a timely habeas petition had run," <u>id.</u>;

  (c) Consequently, Judge Caracappa concludes that this court has "no choice but to dismiss the request for relief as untimely without consideration on the merits," <u>id.</u> at 4, since "[p]etitioner has failed to argue that any valid circumstances exist to equitably toll the statute of limitations," <u>id.</u> at 5;

  (d) In Profic's objections, he responds that "[d]ue to petitioner's lack of knowledge, coupled with him not having counsel paid or appointed at the time, he was in fact unaware that even though the courts were responding to his second petition filed on September 20, 2010 by issuing notices to dismiss on October 1, 2010 and again on October 27, 2010 in

response to petitioner's objections, his second petition was in fact untimely by nine months and thirteen days";

   (e) Profic further contends that the January 2, 2010 deadline that Judge Caracappa describes "was unattainable due to the fact that he was in the custody of the Federal Bureau of Corrections from March 4, 2009 to July 7, 2009 and again from November 3, 2009 to January 19, 2010 as a subpoenaed witness," since he "was not allowed to have anything transferred with him while in federal custody. This included legal work";

   (f) Profic thus urges that "due to his lack of legal understanding coupled with the inaccessibility of the needed material to prepare said appeal, and the confusion of the pending Supreme Court petition that wasn't denied until February 16, 2010, the courts should have mercy on the petitioner and entertain said habeas corpus appeal";

   (g) 28 U.S.C. § 636(b)(1) provides that when a Court refers a <u>habeas</u> <u>corpus</u> petition to a magistrate judge, "[a] judge of the court shall make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made";

(h)  Since Profic does not object to Judge Caracappa's calculation of the date by which (absent equitable tolling[2]) he should have filed his petition under § 2244(d)(1), we will adopt Judge Caracappa's conclusion as to this date and here consider only Profic's entitlement to equitable tolling;

(i)  Our Court of Appeals has held that "Congress intended the one year period of limitation [in § 2244(d)(1)] to function as a statute of limitation, and thus be subject to equitable tolling," Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998);

(j)  Such tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petition has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Id. at 618-19 (quotation marks, citations, and brackets omitted);

---

2.  As our Court of Appeals explained in Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003) (citing Jones v. Morton, 195 F.3d 153 (3d Cir. 1999)), "[t]he statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception."

(k)  Thus, "equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum," Jones, 195 F.3d at 159 (internal quotation marks omitted);

(l)  However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling," Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), and courts have emphasized that "it is well settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse a prompt and timely filing," Lewis v. Phelps, 2011 WL 4544000, at *4 (D. Del. 2011) (Sleet, C.J.); see also Ford v. Wenerowicz, 2010 WL 2710719, at *3 (E.D. Pa. 2010) (Padova, J.) ("'[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999));

(m)  We consequently cannot equitably toll the limitations period under § 2244(d)(1) for the time between Profic's untimely filing of his second PCRA petition, on September 20, 2010, and its dismissal as untimely on February 3,

5

2011 -- when Profic was allegedly confused as to whether this petition had been timely filed -- or the interval between Profic's untimely filing on September 18, 2009 of a petition for allowance of appeal with the Pennsylvania Supreme Court and its denial on February 16, 2010, during which Profic similarly alleges that he was in a state of "confusion";

   (n)  We will thus turn to the second potential source of equitable tolling that Profic proposes: the periods during which he was allegedly deprived of his legal papers;

   (o)  While "federal courts have generally held that deprivation of access to legal papers is not sufficient to warrant equitable tolling," Cordero v. Hendricks, 2006 WL 182082, at *4 (D.N.J. 2006) (Hayden, J.), our Court of Appeals has entertained -- albeit with disfavor -- the possibility that such deprivation might justify tolling, see Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002) (rejecting the proposition that "an evidentiary hearing must be held in every case where the petitioner alleges deprivation of access to legal papers");

   (p)  Even if we agreed that equitable tolling was warranted during the "six months and nineteen days" (or 202 days, by our count) that Profic alleges he was without his legal

papers, such tolling would still only delay until July 23, 2010 the deadline by which Profic should have filed his petition;

(q)   Because Profic did not file the instant petition until January 31, 2011, tolling cannot rescue the claim[3]; and

(r)   We therefore agree with Judge Caracappa's conclusion that "the instant petition is time-barred," and will

---

3. Though Profic does not suggest this argument in his objections, we observe that he alleges his actual innocence in his habeas petition.  Our Court of Appeals recently observed that "we have not decided whether a claim of actual innocence in a habeas petition may equitably toll the one-year statute of limitations under 28 U.S.C. § 2244(d)."  Reed v. Harlow, 2011 WL 4914869, at *2 n.2 (3d Cir. 2011).  But the Supreme Court has explained that to establish actual innocence, a petition must offer "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial," House v. Bell, 547 U.S. 518, 538 (2006), and must demonstrate "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  We very much doubt that Profic's petition -- which, as to the evidence against him, merely alleges (1) uncertainty as to the caliber of the weapon used to commit the crime of which Profic was convicted and (2) unreliability on the part of the Commonwealth's witnesses, Pet.'s Mem. at 4-5 -- satisfies this standard.  Even if it did, however, our Court of Appeals has also noted that "even if we did recognize such a tolling exception, [a petitioner] would still have the burden of demonstrating that he exercised reasonable diligence in bringing his claim."  Reed, 2011 WL 4914869, at *2 n.2.  Since Profic waited more than a year after the expiration of the limitations period before filing this petition -- and delayed more than six months even if we toll the limitations period during the interval when Profic was allegedly deprived of his legal papers -- we cannot conclude that he exhibited diligence in pursuing his petition.  Tolling due to his claim of actual innocence would thus be unwarranted in any event.

approve and adopt her report and recommendation;

It is hereby ORDERED that:

1. Judge Caracappa's report and recommendation (docket entry # 11) is APPROVED and ADOPTED;

2. Profic's petition for writ of <u>habeas</u> <u>corpus</u> pursuant to 28 U.S.C. § 2254 (docket entry # 1) is DISMISSED WITH PREJUDICE as untimely;

3. Since jurists of reason could not find our procedural ruling debatable, we DECLINE to issue a certificate of appealability[4]; and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

<u>/s/ Stewart Dalzell, J.</u>

---

4. As the Supreme Court explained in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Since the second condition is not met here, we need not consider whether the first condition is satisfied.